AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR ARREST WARRANT

I, John Agnew, being first duly sworn, hereby depose and state as follows:

INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the Department of Homeland Security ("DHS"),

Homeland Security Investigations ("HSI"), Philadelphia office. I am currently assigned to the

Border Enforcement Task Force ("BEST") group. I have been a Special Agent for HSI, which is

a division of Immigration and Customs Enforcement ("ICE"), since March 2004.  Previously,

from 2000 to 2004, I was a fraud investigator for the Pennsylvania Attorney General's Office

specializing in civil fraud investigations. In my current position, I investigate violations of

immigration and customs related laws, among other things. I have received specialized training

in the interpretation and application of federal laws, federal court procedures and the laws

pertaining to immigration and customs violations. I am an investigative or law enforcement

officer of the United States, within the meaning of Section 2510(7) of Title 18, United States

Code, and am empowered by law to conduct investigations of and to make arrests for offenses

enumerated in Section 2516 of Title 18 of the United States Code. Specifically, I am currently a

Special Agent with Homeland Security Investigations.

2.      Through my training, experience, and education from working with other agents

and detectives, I have developed competence in identifying and investigating federal crimes,

including money laundering, wire fraud, immigration fraud, and narcotics violations, and I have

become familiar with the methods that businesses and individuals use to launder the proceeds of

illegal activities.

3.      The facts in this affidavit come from my personal observations, my training and

experience, information obtained from other federal agents and officers, and a review of my

body worn camera footage. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on the facts set forth in this affidavit, there is probable cause to believe that Cristian Geovanni ROJAS-BENITEZ, a citizen of Mexico, who is an alien, that is, an individual who is not a citizen or national of the United States, has committed a violation of 18 U.S.C. § 111(a)(1) (forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer), against ICE-Enforcement and Removal Operations ("ERO") Deportation Officer Mark Perrini, Bureau of Alcohol, Tabacco and Firearms ("ATF") Special Agent Michael Orchulli, and me, when we attempted to take him into custody for a custody redetermination following violations of his release conditions while on bond pending immigration proceedings.

**PROBABLE CAUSE**

5.      On June 23, 2025, I came into contact with ROJAS BENITEZ as a result of an ICE-ERO investigation into him for immigration offenses.

6.      In order to assist with the ICE-ERO investigation, on June 23, 2025, I conducted database checks in the National Crime Information Center ("NCIC") databases for his criminal history. Under the FBI number associated with ROJAS BENITEZ, 115243CE8, I found the following criminal arrest and conviction history:

        a.      On August 6, 2014, ROJAS BENITEZ was arrested by the Pennsylvania State Police for DUI of Alcohol or Controlled Substance. On July 27, 2015, he was granted Accelerated Rehabilitation.

        b.      On March 27, 2016, ROJAS BENITEZ was arrested by the Downingtown Police Department for DUI of Alcohol or Controlled Substance. On April 27, 2017, he pleaded guilty and was sentenced to 5 days to 6 months' imprisonment.

2

c.     On February 27, 2024, ROJAS BENITEZ was arrested by the East Lampeter Township Police Department for False Identification to Law Enforcement, Operating a Vehicle without Ignition Interlock, Knowing and Intentional Possession of a Controlled Substance, and Driving an Unregistered Vehicle. On, August 1, 2024, he pleaded guilty and was sentenced to one year of probation.

d.     Additionally, NCIC database checks showed that between 2014 and 2024, ROJAS BENITEZ had additional arrests for DUI and assault, but the charges were dismissed.

7.     Based on my training and experience, I know that ICE maintains a file on all aliens encountered by ICE. This file, known as the Alien File ("A File"), contains documentation relating to the alien, including his/her photograph, warrants of deportation, fingerprints, documents reflecting criminal history, documents reflecting the country of citizenship, and other documents. Each alien is assigned an identification number, referred to as the "Alien Number." A search of ICE databases revealed that ROJAS BENITEZ was assigned alien number 213 090 513.

8.     Information received from ICE shows that ROJAS BENITEZ entered the United States as a B2 visa holder on March 7, 2007, with permission to remain in the United States until December 14, 2007. ROJAS BENITEZ never departed and remained in the United States past December 14, 2007. On March 7, 2017, ROJAS BENITEZ was arrested by ICE as an alien who had overstayed his visa and was removable from the United States. ROJAS BENITEZ was served a Notice to Appear before an Immigration Judge and was released on a $5,000 bond. His immigration proceedings were delayed in part due to intervening arrests and detentions in Chester County, Pennsylvania. On July 26, 2021, an immigration detainer was lodged because ROJAS BENITEZ was in custody in Chester County. However, ROJAS BENITEZ was released from

Chester County custody prior to ICE being able to take custody of him. Also on July 26, 2021, ICE issued an administrative warrant (Form I-200) for his arrest.

9.    ROJAS BENITEZ's next immigration hearing was scheduled for September 12, 2025.

10.    ROJAS BENITEZ' conviction for False Identification Law Enforcement and related offenses on August 1, 2024, was a violation of the conditions of his immigration release. Accordingly, ICE was attempting to take ROJAS BENITEZ back into custody for a custody redetermination.

11.    On June 23, 2025, I, along with ICE-ERO Deportation Officer Mark Perrini, and ATF Special Agent Michael Orchulli, were attempting to locate ROJAS BENITEZ based on the above-referenced immigration violations. Based on information received, along with previous ICE-ERO surveillance, we conducted surveillance at 38 ½ West Lancaster Avenue, Apartment #2, Downingtown, Pennsylvania, in the Eastern District of Pennsylvania to attempt to locate ROJAS BENITEZ.

12.    At approximately 8:30 a.m., a man matching the description and photograph of ROJAS BENITEZ exited the property and entered a dark grey Dodge Ram Pickup displaying Pennsylvania registration ZVX-0782. Record checks conducted through the Pennsylvania Department of Transportation revealed that the vehicle was registered to Cristian Giovanni ROJAS BENITEZ, 38 ½ West Lancaster Ave, Apartment #2, Downingtown, Pennsylvania.

13.    ROJAS BENITEZ, the driver and sole occupant in the vehicle, started to depart the area in the Dodge Ram pickup. Officer Perrini, Special Agent Orchulli, and I conducted a vehicle stop in the exit of the parking lot of 38 ½ West Lancaster Avenue. Officer Perrini, Special Agent

4

Orchulli, and I were wearing items clearly displaying police markings, and two out of three law enforcement vehicles had their emergency lights activated.

14.     As soon as Officer Perrini, Special Agent Orchulli, and I approached the Dodge Ram, ROJAS BENITEZ was immediately non-compliant. ROJAS BENITEZ would not follow law enforcement's commands to get out of the vehicle or roll down the driver's front door window. Additionally, the front driver's side door, the passenger front door, and both rear passenger side doors had a dark tint, which restricted law enforcement from seeing inside the vehicle.

15.     At this point, I moved in front of the Dodge Ram to get a view of ROJAS BENITEZ since the windshield was not tinted. Special Agent Orchulli moved his vehicle in front of the Dodge Ram to block it from exiting the driveway, and then I walked towards the passenger side front of the Dodge Ram to maintain sight of ROJAS BENITEZ.

16.     After several commands for ROJAS BENITEZ to roll down his window, the law enforcement officers told him that if he did not comply his window would be broken. Since ROJAS BENITEZ continued not to comply after numerous warnings, Officer Perrini broke the rear driver's side passenger window of the Dodge Ram.

17.     Once the rear driver's side passenger window was broken, ROJAS BENITEZ placed the vehicle in drive and drove over the sidewalk in my direction. To avoid being run over by the Dodge Ram pickup truck, I had to push off the truck with my hand and jump out of way. Additionally, Officer Perrini and Special Agent Orchulli, who were both on the driver's side of the truck, had to move quickly to avoid the truck's wheels rolling over their feet.

18.     As ROJAS BENITEZ sped over the sidewalk onto West Lancaster Avenue, he narrowly missed a school bus that was stopped at a traffic light. ROJAS BENITIZ sped away in

the Dodge Ram. Law enforcement briefly followed the truck but lost sight of it due to the high rate of speed at which it was traveling.

## **CONCLUSION**

19.     Based on all the foregoing, I respectfully submit that the facts set forth in this affidavit demonstrate that there is probable cause to conclude that Cristian Geovanni ROJAS BENITEZ forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with an employee of the United States while engaged in the performance of their official duties, in violation of Title 18, United States Code, Section 111.

Respectfully submitted,

*s/John Agnew*
John Agnew
Special Agent
Homeland Security Investigations

Subscribed and sworn to
before me on _____ June, 2025

_____
HONORABLE PAMELA A. CARLOS
UNITED STATES MAGISTRATE JUDGE